AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means        ☑ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>9808 Cameron Street NW, Albuquerque, New Mexico, 87114 | )<br>)<br>)<br>)<br>)<br>) | Case No.    24-MR-95 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Mexico _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ January 30, 2024 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ the Honorable Karen B. Molzen _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    01/16/2024 4:12 pm                                    *Karen B Molzen*
                                                                                  *Judge's signature*

City and state:    Albuquerque, New Mexico                      Karen B. Molzen, United States Magistrate Judge
                                                                          *Printed name and title*

ATTACHMENT A

*Property to Be Searched*

The property to be searched is SUBJECT PREMISES 2, located at 9808 Cameron Street NW, Albuquerque, New Mexico, 87114, further described as a tan, stucco single-family house with a pitched roof, built in 2003 and is approximately 1,781 square feet according to open-source records.

The search of the above SUBJECT PREMISES 2 shall include the entire residence, all attached and unattached garages and storage areas/containers (including mailboxes and trash cans) on the SUBJECT PREMISES 2 in or on which the items to be seized could be concealed, and all vehicles (including APD police vehicle Unit # D46 bearing license plate 15608G), sheds, and persons located on the SUBJECT PREMISES 2 in or on which the items to be seized could be concealed.

A photograph of SUBJECT PREMISES 2 is below:



1

*KBM*



KBM



3

**ATTACHMENT B**

*Property to be seized*

1.      All records relating to violations of 18 U.S.C. § 1951 (Hobbs Act extortion under color of official right); 18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises); 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 666 (bribery); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §§ 1343, 1346 (honest services wire fraud); and 18 U.S.C. § 2 (aiding and abetting), those violations involving a scheme to obtain payments in exchange for an officer refraining from filing charges or from appearing for interviews or court settings, and involving Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, and/or Nelson ORTIZ, since March 11, 2020, including:

   a.     Driver's licenses (other than those belonging to Joshua MONTANO or other persons at the SUBJECT PREMISES at the time of the search);

   b.     Records reflecting how payments were tracked for DWI offenders who were targeted under this scheme;

   c.     All records related to payments to Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, and/or Nelson ORTIZ, or other officers involved in this scheme;

   d.     Evidence related to the purchase of goods – including vehicles, clothing, jewelry, travel, or other things of value – with criminal proceeds;

   e.     Bulk cash, currency, or other financial instruments above $1,000 in value that constitute proceeds of or are intended to facilitate the scheme described above;

   f.     Messages, notes, correspondence, and/or communications between co-conspirators;

1

KBM

g.       Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys and other items evidencing the obtaining, secreting, and/or concealment, and/or expenditures of money;

h.       Photographs or videos of Thomas CLEAR, Ricardo MENDEZ, Honorio ALBA, Joshua MONTANO, Nelson ORTIZ, Harvey JOHNSON, their co-conspirators, and the property and assets purchased with proceeds of the criminal scheme;

i.       Any and all wireless telephones, digital media, and storage media that reasonably appear to contain some or all of the records, information.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"), in addition to the material described above:

    a.   evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b.   evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c.   evidence of the lack of such malicious software;

2

*KBM*

d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.  evidence of the times the COMPUTER was used;

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  records of or information about Internet Protocol addresses used by the COMPUTER;

l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m.  contextual information necessary to understand the evidence described in this attachment.

3

KBM

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

KBM